# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD L. SMITLEY, | ) | CASE NO. 1:18-cv-1838 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| L. EPPINGER, WARDEN, | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Edward Smitley ("Smitley") is confined at the Grafton Correctional Institution in Grafton, Ohio. On August 10, 2018, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1 ("Petition")) in connection with his October 1993 conviction by a jury in the Lorain County Court of Common Pleas for one count of rape and three counts of gross sexual imposition (Case No. 93CR043685).[1] In his petition, Smitley asserts four grounds for relief: (1) no complaint (trial court lacked subject matter jurisdiction), (2) violation of due process of law (trial court skipped many procedures during the process), (3) void judgment (court claimed there are no transcripts on record), and (4) ineffective assistance of counsel (counsel for both trial and appeal was barred from courts, suspended license).

An application for a writ of habeas corpus by a person in state custody pursuant to a state court judgment shall not be granted unless it appears that the petitioner has exhausted all state court remedies. *See Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28

---

[1] At the time Smitley filed the petition, he paid the $5.00 filing fee. Smitley also filed a motion to proceed with this action *in forma pauperis* (Doc. No. 2). Because Smitley paid the fee, his motion is moot and the Clerk is directed to terminate the motion accordingly.

U.S.C. § 2254(b), (c); 881 *Rose v. Lundy,* 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Id.* (citing among authority *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302–03, 104 S. Ct. 1805, 1810, 80 L. Ed. 2d 311 (1984)).  It is Smitley's burden to establish that he has properly and fully exhausted his available state court remedies with respect to his habeas claims for relief. *See Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987) (citing *Hopkins v. State*, 524 F.2d 473, 474–75 (5th Cir. 1975)).

For each ground for relief asserted, Smitley indicates on the face of the petition that he has *not* exhausted his state court remedies. Moreover, Smitley filed a petition for a writ of habeas corpus pursuant to Ohio Rev. Code 2725 with the Ohio Supreme Court (Case No. 18-0999) on July 19, 2018 (Doc. No. 1–2). A review of the docket for Case No. 18-0999 indicates that Smitley's petition before the Ohio Supreme Court remains pending.[2] Because Smitley has not fully exhausted his state court remedies, his § 2254 petition before this Court must be dismissed.

For all of the foregoing reasons, Smitley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 cases.

---

[2] Federal Courts may take judicial notice of public records, such as dockets and proceedings in other courts.  *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (citation omitted).

Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.


Dated: September 21, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**